IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEVIN HARRIS,**

                Petitioner,

    v.                                  CASE NO. 05-3429-SAC

**STATE OF KANSAS, et al.,**

                Respondents.

**O R D E R**

Before the court is a petition filed by a Kansas prisoner incarcerated in the El Dorado Correctional Facility in El Dorado, Kansas. Asserting a broad range of legal rights and remedies, he seeks to prevent his trial on outstanding criminal charges in Reno County Case No. 04-CR-1034. Having reviewed petitioner's pleadings, the court liberally construes this action as one seeking habeas corpus relief under 28 U.S.C. 2241, and grants petitioner leave to proceed in forma pauperis in this habeas action.

Petitioner is currently confined and in the custody of the Kansas Department of Corrections (KDOC) pursuant to his June 2004 arrest and the July 2004 revocation of his parole on 1991 and 1992 convictions in Montgomery County District Court. He states that Reno County filed an October 2004 detainer regarding outstanding Reno County charges against petitioner, and thereafter secured his appearance in Reno County District Court in December 2004 for arraignment on those pending charges. Petitioner states he was then returned to KDOC custody where he

remained until an October 2005 hearing in Reno County District Court wherein the trial court rejected petitioner's motion that dismissal of the charges was warranted for alleged violations of petitioner's right to a speedy trial and the anti-shuttling provisions in the Interstate Agreement on Detainers Act (IADA), K.S.A. 22-4401 *et seq.* Petitioner next filed the instant action to seek relief under 28 U.S.C. 1651, 28 U.S.C. 2254, and 42 U.S.C. 1983 for the alleged violation of petitioner's rights under Sixth Amendment, IADA, K.S.A. 22-4301, and K.S.A. 22-3402(1).

Because petitioner seeks the dismissal of pending state criminal charges against him, the court construes the petition as filed under 28 U.S.C. 2241.[1]  *See* 28 U.S.C. 2241(c)(3)(United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States"). Petitioner argues he is entitled to such relief because Reno County officials violated his right to a speedy trial by securing his appearance in Reno District Court for arraignment, returning him to KDOC custody, and then securing petitioner's appearance for

---

[1] Section 1983 is not the appropriate method for seeking injunctive relief from confinement alleged to be illegal. *See* Preiser v. Rodriguez, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement must be presented through petition for writ of habeas corpus after exhausting state court remedies).

Nor does this court's mandamus power extend to state court officials. *See* 28 U.S.C. 1361(U.S. district court has original jurisdiction of any action in the nature of mandamus to compel "an officer or *employee of the United States or any agency thereof* to perform a duty owed to the plaintiff")(emphasis added).

prosecution on the outstanding criminal charges.  The denial of petitioner's pretrial motion on this claim is insufficient to demonstrate full exhaustion of state court remedies.  Although petitioner argues exhaustion of state court remedies is not required under the circumstances, the court finds petitioner's current incarceration for service of a previous Kansas sentence presents no persuasive reason for excusing petitioner from seeking full state court review of petitioner's challenge to the pending state prosecution.  *See also* Trigg v. Moseley, 433 F.2d 364, 366 (10th Cir. 1970)("Relief from the detainer in federal habeas proceedings is necessarily predicated on a determination that the petitioner's federal constitutional right to a speedy trial on the underlying charge has been irremediably violated. This decision is primarily for the state court where the charge is pending, not the federal court for the district within which the petitioner is incarcerated.").

Additionally, petitioner's resort to the "anti-shuttling" provisions in Article IV(e) of the IADA has no legal merit, as the IADA does not apply to a Kansas prisoner challenging a Kansas detainer.  *See* K.S.A. 22-4401(IADA applies to charges brought by prosecutors in federal or state jurisdictions against individuals imprisoned in *another* party state).  Although petitioner also cites K.S.A. 22-4301 *et seq.*, the Uniform Mandatory Disposition on Detainers Act which addresses a Kansas prisoner's right to seek disposition of any untried indictment pending against him in Kansas, the alleged violation of petitioner's right to a speedy trial under these Kansas statutes would not present a viable

claim for federal habeas corpus relief.[2]  *See* Estelle v. McGuire, 502 U.S. 62, 67 (1991) (federal habeas relief is available only for violations of federal law; review "does not lie for errors of state law")(*quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

The court thus concludes petitioner's application for federal habeas corpus relief should be dismissed.

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 22nd day of November 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2]*See also* State v. Strong, 8 Kan.App.2d 589 (1983)(a person in custody serving one or more sentences is not being held "solely" by reason of pending charge, thus trial on pending charge(s) does not have to commence within 90-day period specified by K.S.A. 22-3402(1)).